IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LONNIE EVANICKY and SUSAN EVANICKY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-3934 |
| FEDERAL EMERGENCY MANAGEMENT AGENCY and PETER T. GAYNOR, Administrator of the Federal Emergency Management Agency, | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Lonnie and Susan Evanicky ("Plaintiffs") sued the Federal Emergency Management Agency ("FEMA") and Peter T. Gaynor, FEMA's Acting Administrator[1] (collectively, "Defendants") for breach of a flood insurance contract under the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. §§ 4001, et seq. Plaintiffs allege that insurance proceeds are being wrongfully withheld by Defendants.[2] Pending before the court is Defendants' Motion to Dismiss (Docket Entry No. 25). For the reasons explained

---

[1]Plaintiffs' Original Complaint included claims against FEMA and William B. Long, FEMA's then-Acting Administrator. See Original Complaint, Docket Entry No. 1. On March 8, 2019, Peter T. Gaynor became Acting Administrator of FEMA, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Administrator Gaynor was automatically substituted for former Administrator Long. See Motion to Dismiss, Docket Entry No. 25, p. 1 n.1.

[2]See Original Complaint, Docket Entry No. 1, p. 1.

below, Defendants' Motion to Dismiss will be granted in part and denied in part.

## I. Factual and Procedural Background

This action involves a dispute between an insurer (Defendants) and its insured (Plaintiffs) involving payment of claims for flood damage caused by Hurricane Harvey. FEMA operates the National Flood Insurance Program ("NFIP") under which Standard Flood Insurance Policies ("SFIPs") are issued.³ At all times relevant to this action Plaintiffs were policyholders of an SFIP administered by FEMA that provided coverage for their residence located at 213 Maude Street, Wharton, Texas 77488.⁴ Plaintiffs' SFIP provided for $87,500 in coverage less a $5,000 deductible.⁵ On August 30, 2017, Plaintiffs' SFIP-insured residence sustained flood damages.⁶ On September 1, 2017, FEMA received Plaintiffs' proof of loss, and on September 22, 2017, FEMA paid Plaintiffs an advance payment of $15,000.⁷ On December 9, 2017, FEMA received the final report of an independent adjuster, which recommended that Plaintiffs be paid

---

³See Memorandum in Support of Motion to Dismiss, Exhibit 1 to Motion to Dismiss, Docket Entry No. 25-1, p. 4.

⁴See id.; Original Complaint, Docket Entry No. 1, p. 3 ¶¶ 11-14.

⁵See Declaration of Aaron Truitt ("Truitt Declaration"), Exhibit A to Memorandum in Support of Motion to Dismiss, Docket Entry No. 25-2, p. 2 ¶ 6.

⁶See id. at 2-3 ¶ 7.

⁷See id.

an additional $34,651.66. FEMA approved payment of that amount on December 9, 2017.[8]

On August 24, 2018, Plaintiffs submitted another proof of loss to FEMA for the August 30, 2017, flood damage (the "Supplemental Proof of Loss") in the amount of $87,500 -- the policy limit.[9] FEMA has not allowed or disallowed Plaintiffs' Supplemental Proof of Loss.[10] Plaintiffs filed this action on October 19, 2018, alleging a claim for breach of contract for Defendants' failure to issue payment on the Supplemental Proof of Loss.[11] On May 8, 2019, Defendants moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), for failure to effect timely service under Rule 12(b)(5), and for failure to state a claim under Rule 12(b)(6).[12] Plaintiffs responded to Defendants' Motion to Dismiss on June 7, 2019.[13] Defendants did not file a reply.

## II. **Defendants' Rule 12(b)(1) Motion to Dismiss**

Defendants argue that the court lacks subject matter jurisdiction over this action for two reasons. First, Defendants

---

[8]See id.

[9]See Memorandum in Support of Motion to Dismiss, Exhibit 1 to Motion to Dismiss, Docket Entry No. 25-1, pp. 4-5.

[10]See Truitt Declaration, Exhibit A to Memorandum in Support of Motion to Dismiss, Docket Entry No. 25-2, p. 3 ¶ 10.

[11]See Original Complaint, Docket Entry No. 1, p. 4.

[12]See Motion to Dismiss, Docket Entry No. 25, p. 1.

[13]See Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Response"), Docket Entry No. 30.

argue that they are immune from suit on sovereign immunity grounds.[14] Second, Defendants argue that this dispute is not ripe for adjudication because FEMA has yet to disallow Plaintiffs' Supplemental Proof of Loss.[15]

A. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs challenges to the court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 (5th Cir. 1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Clark v. Tarrant County, Texas, 798 F.2d 736, 741 (5th Cir. 1986).

Rule 12(b)(1) challenges to subject matter jurisdiction come in two forms: "facial" attacks and "factual" attacks. See Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). A facial attack consists of a Rule 12(b)(1) motion unaccompanied by

---

[14]See Memorandum in Support of Motion to Dismiss, Exhibit 1 to Motion to Dismiss, Docket Entry No. 25-1, pp. 7-11.

[15]See id. at 11-21.

supporting evidence that challenges the court's jurisdiction based solely on the pleadings. Id. A factual attack challenges the existence of subject matter jurisdiction in fact, and matters outside the pleadings may be considered. Id. Because Defendants have cited evidence outside the pleadings in support of their Rule 12(b)(1) motion to dismiss (specifically, the Truitt Declaration), the motion is a factual attack, and the court's review is not limited to whether the complaint sufficiently alleges jurisdiction. Plaintiffs, as the party asserting federal jurisdiction, bear the burden of showing that the jurisdictional requirements have been met. Alabama-Coushatta Tribe of Texas v. United States, 757 F.3d 484, 487 (5th Cir. 2014).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Morris v. Livingston, 739 F.3d 740, 745 (5th Cir. 2014) (internal quotation marks omitted). If a complaint could be dismissed for both lack of jurisdiction and for failure to state a claim, "'the court should dismiss only on the jurisdictional ground under [Rule] 12(b)(1), without reaching the question of failure to state a claim under [Rule] 12(b)(6).'" Crenshaw-Logal v. City of Abilene, Texas, 436 F. App'x 306, 308 (5th Cir. 2011).

B. **Analysis**

Suits against federal defendants (i.e., federal agencies and federal officials acting in their official capacities) are suits

against the United States. "'[T]he United States, as sovereign, "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."'" Lehman v. Nakshian, 101 S. Ct. 2698, 2701 (1981) (quoting United States v. Testan, 96 S. Ct. 948, 953 (1976)). "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." St. Tammany Parish, ex rel. Davis v. Federal Emergency Management Agency, 556 F.3d 307, 316 (5th Cir. 2009) (quoting Block v. North Dakota ex rel. Board of University and School Lands, 103 S. Ct. 1811, 1819 (1983)); see also Williamson v. United States Department of Agriculture, 815 F.2d 368, 373 (5th Cir. 1987) ("The doctrine of sovereign immunity is inherent in our constitutional structure and . . . renders the United States, it departments, and its employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued."). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." Lane v. Pena, 116 S. Ct. 2092, 2096 (1996); see also Petterway v. Veterans Administration Hospital, Houston, Texas, 495 F.2d 1223, 1225 n.3 (5th Cir. 1974) ("It is well settled . . . that a waiver of sovereign immunity must be specific and explicit and cannot be implied by construction of an ambiguous statute.").

Section 4072 of the NFIA contains a limited waiver of sovereign immunity:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and <u>upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim,</u> the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, <u>may institute an action against the Administrator</u> on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added); <u>In re Estate of Lee,</u> 812 F.2d 253, 256 (5th Cir. 1987) (recognizing that 42 U.S.C. § 4072 contains "a limited waiver of sovereign immunity that permits a claimant to sue the Director of FEMA in federal district court"). The "Administrator" referred to in § 4072 is identified in 42 U.S.C. § 4011(a) as the Administrator of FEMA.

Section 4072 waives sovereign immunity for claims against FEMA's Administrator only when (1) FEMA's Administrator disallows a party's flood insurance claim or (2) a party refuses to accept the amount FEMA's Administrator has allowed. <u>See Downey v. State Farm Fire & Casualty Co.,</u> 276 F.3d 243, 344-45 (7th Cir. 2001) (stating that § 4072 waives sovereign immunity "only when the Director has disallowed a claim"). Section 4072's statute of limitations requires claimants to file suit within one year from the time notice of disallowance is mailed. The statute explicitly

contemplates that the claimant will receive written notice that his or her claim has been disallowed in whole or in part before filing suit against FEMA's Administrator in a federal district court.

Plaintiffs allege that the court has jurisdiction over Defendants pursuant to § 4072.[16] Defendants argue that the court lacks subject matter jurisdiction because FEMA's Administrator has not disallowed Plaintiffs' Supplemental Proof of Loss, rendering the waiver of sovereign immunity in § 4072 inapplicable.[17] Plaintiffs disagree, arguing that while FEMA has not mailed a written disallowance of Plaintiffs' Supplemental Proof of Loss, FEMA's failure to timely allow or disallow the Supplemental Proof of Loss serves as a disallowance.[18]

Plaintiffs argue that under the terms of their SFIP, "FEMA had sixty days to make payment or issue a denial of [their] supplemental proof of loss."[19] Plaintiffs filed this action fifty-six days after submitting their Supplemental Proof of Loss to FEMA.[20] By Plaintiffs' own argument, FEMA still had four days to

---

[16]See Original Complaint, Docket Entry No. 1, p. 1.

[17]See Memorandum in Support of Motion to Dismiss, Exhibit 1 to Motion to Dismiss, Docket Entry No. 25-1, pp. 9-11; see Truitt Declaration, Exhibit A to Memorandum in Support of Motion to Dismiss, Docket Entry No. 25-2, p. 3 ¶ 10.

[18]See Plaintiffs' Response, Docket Entry No. 30, p. 5.

[19]See Plaintiffs' Response, Docket Entry No. 30, p. 6.

[20]See id. at 7.

review Plaintiffs' Supplemental Proof of Loss when Plaintiffs filed this action. Defendants argue that FEMA cannot adjust Plaintiffs' Supplemental Proof of Loss while this litigation is pending.[21]

Plaintiffs express concern that if the court finds that Defendants are immune from suit, Defendants could indefinitely refuse to disallow a pending claim. This argument is significantly undercut by the fact that FEMA still had time to review Plaintiffs' Supplemental Proof of Loss under the terms of Plaintiffs' SFIP when this action was filed. If FEMA timely adjusts the claim, the need for this action may be obviated. Moreover, the court's ruling does not prevent Plaintiffs from re-filing this action against FEMA's Administrator[22] if (1) FEMA's Administrator disallows Plaintiffs'

---

[21] See Memorandum in Support of Motion to Dismiss, Exhibit 1 to Motion to Dismiss, Docket Entry No. 25-1, p. 20; Truitt Declaration, Exhibit A to Memorandum in Support of Motion to Dismiss, Docket Entry No. 25-2, p. 3 ¶ 11 (noting that "FEMA placed a hold on [Plaintiffs'] file due to the filing of the Complaint").

[22] As discussed in detail above, absent a waiver of sovereign immunity, federal agencies are immune from suit. F.D.I.C. v. Meyer, 114 S. Ct. 996, 1000 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). The NFIA's wavier of sovereign immunity allows claimants to bring suits against FEMA's Administrator upon disallowance of all or part of their claims. 42 U.S.C. § 4072. Section 4072 does not contain a waiver of sovereign immunity that would allow claimants to bring claims directly against FEMA. Plaintiffs do not present any argument in their Response as to why FEMA is a proper party in this action. Defendants' 12(b)(6) motion seeking FEMA's dismissal from this action is mooted by the court's granting of Defendants' 12(b)(1) motion. If Plaintiffs re-file this action against FEMA, they must be prepared to show that their claim against FEMA is not barred by sovereign immunity.

Supplemental Proof of Loss[23] or (2) Plaintiffs refuse to accept the amount FEMA's Administrator allows on their claim.

Plaintiffs bear the burden of showing that the court has subject matter jurisdiction over this action. For the reasons explained above, Plaintiffs have failed to meet that burden. Because the suit is barred by sovereign immunity, the court need not address Defendants' ripeness arguments. Plaintiffs' Original Complaint will be dismissed without prejudice. If FEMA disallows Plaintiffs' Supplemental Proof of Loss, Plaintiffs may invoke the court's jurisdiction under § 4072.

## III. Service of Process

Defendants argue that this action must be dismissed because Plaintiffs have failed to complete proper service as required by the Federal Rules of Civil Procedure.[24] Plaintiffs disagree, arguing that they served the necessary parties after they were alerted to defects in service by Defendants' counsel.[25] While the court will dismiss this action for lack of subject matter jurisdiction (rendering Defendants' 12(b)(5) motion moot), issues

---

[23]The court need not decide whether FEMA's failure to timely disallow Plaintiffs' claim within the 60-day window provided by Plaintiffs' SFIP constitutes a "disallowance" within the meaning of § 4072. This issue is not before the court because Plaintiffs filed this action before the 60-day window expired.

[24]See Memorandum in Support of Motion to Dismiss, Exhibit 1 to Motion to Dismiss, Docket Entry No. 25-1, pp. 21-24.

[25]See Plaintiffs' Response, Docket Entry No. 30, pp. 9-10.

regarding proper service of process warrant discussion in the event that FEMA disallows Plaintiffs' claim and Plaintiffs elect to re-file this action.

Federal Rule of Civil Procedure 4(i) governs the proper method of service on the United States, its agencies, and its employees:

> (1) **United States**. To serve the United States, a party must:
>
> > (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
> >
> > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> >
> > (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> >
> > (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) **Agency; Corporation; Officer or Employee Sued in an Official Capacity**. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i). Under this rule both service on the Attorney General and the United States Attorney for the district in which the action is filed are required. See Peters v. United States, 9 F.3d 344, 345 (5th Cir. 1993).

While Plaintiffs' initial attempts at service failed to satisfy Rule 4(i), it appears that all defects in service have since been cured and the proper parties notified.[26] If Plaintiffs re-file this action in this court, they must timely comply with Rule 4(i)'s service requirements, which include service on FEMA's Administrator, the United States Attorney for the Southern District of Texas, and the United States Attorney General.

IV. **Conclusion**

For the reasons explained above, the court lacks subject matter jurisdiction over the claims in Plaintiffs' Original Complaint because Plaintiffs' claims are barred by sovereign immunity. Defendants' Motion to Dismiss (Docket Entry No. 25) is therefore **GRANTED IN PART and DENIED IN PART**. Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is **GRANTED**. Defendants' Motion to Dismiss pursuant to Rule 12(b)(5) and Rule 12(b)(6) is **DENIED AS MOOT**. This action will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 21st day of August, 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[26]See Return of Service, Docket Entry No. 27 (proof of service of William B. Long, FEMA's former Acting Administrator); Return of Service, Docket Entry No. 26 (proof of service of the Attorney General of the United States); Return of Service, Docket Entry No. 24 (proof of service of the United States Attorney for the Southern District of Texas).